## BENJAMIN C. WELD *vs.* JOSEPH CUTLER.

A mortgagee of four hundred tons of coal, part of a larger pile on the wharf of the mortgagor, took possession of the whole pile, with the assent of the mortgagor, and appointed the mortgagor his agent to sell his coal for him. *Held,* that there had been a sufficient delivery to vest the title in the mortgagee, and that he was entitled to hold the whole pile, against the assignee in insolvency of the mortgagor, until he had had sufficient time and opportunity to separate and remove his four hundred tons.

ACTION OF TORT against the assignee in insolvency of John Gooch for the conversion of two hundred tons of red ash coal and two hundred tons of white ash coal. Trial before *Metcalf*, J. who reserved the case for the decision of the court upon the following facts :

On the 14th of September 1852, Gooch, in order to secure the plaintiff for his indorsement of a promissory note of $1,900 for Gooch's accommodation, gave him a note of like amount, secured by a mortgage of " the goods, chattels and personal property hereinafter specified, to wit,- two hundred tons of red ash coal and two hundred tons of white ash coal, the same now being on the wharf in said Cambridge, occupied by me, commonly known as Daniel's wharf."

At the time of the making of this mortgage, there were on the wharf about five hundred tons of red ash coal and five hundred of white ash coal, the property of Gooch, all lying in one pile, but the two varieties substantially separated by a partition of boards. Some additional coal afterwards arrived on the wharf, and part of that was sold by Gooch before the 28th of April 1853, but none of the coal, which was on the wharf when the mortgage was given, was sold before that date.

On the 28th of April 1853, the plaintiff took possession of said coal, by going on or near the pile, and declaring to Gooch that he took possession; and gave the notice required by the statute for foreclosure, which was duly recorded on the same day ; and requested Gooch to sell the coal for him, which Gooch agreed to do, but had only sold of this pile some five or six tons, when, on the 9th of May 1853, he filed his petition for the benefit of the insolvent laws. On the 21st of May 1853 the defendant was appointed assignee of Gooch, and took possession of all the coal on the wharf, and ordered Gooch to sell it on his account, which Gooch did.

*B. F. Butler & B. F. Jacobs*, for the plaintiff, cited *Coles* v. *Clark*, 3 Cush. 399 ; *Willard* v. *Rice*, 11 Met. 493 ; *Barry* v *Bennett*, 7 Met. 354 ; *Dennis* v. *Alexander*, 3 Barr, 50 ; *Crofoot* v. *Bennett*, 2 Comst. 258 ; *Brewer* v. *Salisbury*, 9 Barb. 511 ; *Damon* v. *Osborn*, 1 Pick. 476 ; *Gardner* v. *Dutch*, 9 Mass. 427 ; *Scudder* v. *Worster*, 12 Cush. 573.

*A. H. Nelson & J. Cutler*, for the defendant, relied on *Scudder* v. *Worster*, 12 Cush. 573.

BIGELOW, J. The recent case of *Scudder* v. *Worster*, which was very fully and carefully considered, settles the rule of law in this commonwealth to be, that when there is a contract for the sale of goods, being part of a larger bulk in the possession of the vendor, no property passes to the vendee, unless the portion comprised in the contract of sale is separated from the mass, or is identified by some mark or designation which distinguishes it from the residue. The case at bar would very clearly come within this rule, if the mortgagor had remained in possession of the coal upon his wharf, up to the time of his application for the benefit of the insolvent laws. But the case finds that the mortgagee, with the assent of the mortgagor, had previously taken possession of the entire lot of coal on the wharf, and had proceeded to sell some part of it in payment of the debt secured by the mortgage. It is not therefore a case where the vendor remained in possession of the entire bulk, a part of which he had sold; but the vendee, in pursuance of the contract of sale, had taken possession of the whole, for the purpose of separating and securing his part. In this respect, the case at bar differs from the numerous class of cases upon which the decision of *Scudder* v. *Worster* is founded. And it appears to a majority of the court that this is a material distinction. The principle upon which those decisions rest is, that the sale is still inchoate and incomplete between the parties; there being no such separation or designation of the property sold, as to constitute delivery of it by the vendor, and possession of it by the vendee, and thus pass the right of property in the articles sold. It is an unexecuted contract of sale, an essential ingredient being wanting to make it perfect between the parties. But in the case at bar the contract was complete and executed. Nothing further remained to be done by the mortgagor. The mortgagee had received from him delivery of the property included in the mortgage, and although it made part of a larger mass, it was none the less a delivery to and possession by him of the portion included in the mortgage. The property in

17*

the part mortgaged passed, it being left to the mortgagee to select and separate it from the whole, which was placed in his possession and control for that purpose. Under such circumstances, it is very clear that neither the mortgagor, nor those claiming under him, could dispute the right of the plaintiff to hold the entire property, until the object for which its possession was delivered to him should have been accomplished. The right of possession of the entire bulk had become legally vested in the mortgagee for a lawful purpose; neither the mortgagor nor his assigns had the possession or the right to the immediate possession of it; neither of them, therefore, could maintain trespass or trover against the mortgagee; nor could a creditor of the mortgagor, by attachment on mesne process, or seizure on execution, disturb a possession thus acquired. The power to hold the whole property by the mortgagee was coupled with an interest in him, which neither the mortgagor nor his creditors could defeat. The right of all persons, claiming title under the mortgagor, to the property not included in the mortgage, must be taken to be subordinate to the right, previously acquired by the mortgagee, of holding the whole in his possession, until, by the use of due and reasonable diligence, he had separated and taken out the portion mortgaged to him.

For these reasons, a majority of the court are of opinion that this case does not come within the rule touching sales of property in bulk in the hands of a vendor, where there is no designation or separation of the portion sold, but that it comes within a distinct class. The principle on which it rests is, that the delivery of the entire mass to the vendee under the contract of sale, for the purpose of enabling him to separate and take out the portion sold, makes the sale and delivery complete between the parties; that thereby the property in the articles sold passes out of the vendor and vests in the vendee, who has the right to retain the whole, until he has had sufficient time and opportunity to separate and take out the part belonging to him in pursuance of the contract of sale. *Crofoot* v. *Bennett*, 2 Comst. 258. *Brewer* v. *Salisbury*, 9 Barb. 511.

*Judgment for the plaintiff.*